UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMMIE L. YERKS,

                Plaintiff,

v.                                              Case No. 24-cv-713-pp

DR. SHIRLEY GODIWALLA, *et al.*,

                Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. NO. 14) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 15)**

---

      Plaintiff Jammie Yerks, who is incarcerated at Jackson Correctional Institution and is representing himself, filed this case alleging violations of his constitutional rights. The court screened the complaint and allowed the plaintiff to proceed on Eighth Amendment medical care claims based on allegations that the defendants did not adequately treat his chronic pain conditions. Dkt. No. 5 at 12. This order addresses the plaintiff's motion to amend the complaint, dkt. no. 14, and his motion to appoint counsel, dkt. no. 15.

**I.    Motion to Amend Complaint (Dkt. No. 14)**

      The plaintiff has filed a motion seeking leave to amend the complaint; he states that he wants to add defendants and facts to his original complaint. Dkt. No. 14. The plaintiff says that the denial of medical care is an ongoing issue, and that staff continue to ignore his medical needs concerning pain

1

management and therapy for carpal tunnel in his right hand and wrist. Id. The plaintiff did not attach to his motion a proposed amended complaint.

A plaintiff may file an amended complaint once as a matter of course within twenty-one days after serving it or within twenty-one days after the defendants file a responsive pleading to the complaint. Fed. R. Civ. P. 15(a)(1)(A), (B). In all other cases, the plaintiff may amend his complaint only with the defendants' written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Usually, unrepresented litigants seek leave of the court, in which case they must file a motion to amend along with a proposed amended complaint. See Civil. Local Rule 15(a) (E.D. Wis.) ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."). Because the plaintiff has not complied with this court's local rule by filing a proposed amended complaint, the court will deny without prejudice his motion to amend.

## II. Motion to Appoint Counsel (Dkt. No. 15)

The plaintiff has filed a motion to appoint counsel. Dkt. No. 15. He states that in a previous case (Case No. 17-cv-172-JPS), the court granted his motion to appoint counsel. Id. The plaintiff says that he sent letters to lawyers in an attempt to find counsel on his own. Id. He asserts that another incarcerated individual currently is helping him. Id. That incarcerated individual filed a declaration stating that he is on a list to be moved to a new institution and no longer can help the plaintiff. Dkt. No. 16. The plaintiff also says that he has

2

Case 2:24-cv-00713-PP   Filed 11/18/25   Page 2 of 6   Document 25

limited knowledge of the law beyond the filing of the complaint and "the response to the request for summary judgment." Dkt. No. 15. He believes that based on the complexity of the case and his limited access to legal materials, it will be difficult for him to litigate successfully without counsel. Id.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be

3

determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has satisfied the first requirement for recruitment of counsel because he has demonstrated that he made a reasonable attempt to find a lawyer on his own. But he has not shown that he cannot litigate the case himself at this time. The court has not evaluated the plaintiff's ability to litigate because another incarcerated individual has helped him to this point. The plaintiff has not described why he cannot litigate on his own. He says in his motion that he can respond to a summary judgment motion, but this case is not yet at the summary judgment stage. Although the plaintiff's claims involve medical issues, he has alleged that he did not receive specialist-recommended treatment for chronic conditions; those claims are not medically complex. When the court issues the scheduling order, it will send the plaintiff information about conducting discovery and responding to a motion for summary judgment. If the plaintiff needs more time to complete discovery or to respond to a motion for summary judgment, he may file a motion for extension of time with the court before the deadline passes. Finally, in the screening order for the other case the plaintiff references, Judge Stadtmueller ordered that based on the nature of the plaintiff's *claim* the plaintiff should have a lawyer; the court did not say anything about the plaintiff's abilities to litigate generally. Yerks v. Hoftiezer, Case No. 17-cv-172-JPS, Dkt. No. 7 (E.D. Wis. March 15, 2017). For all these reasons, the court will deny without prejudice the plaintiff's motion to appoint counsel.

### III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for leave to file amended complaint. Dkt. No. 14.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 15.

Dated in Milwaukee, Wisconsin this 18th day of November, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**