UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMMIE L. YERKS,

                      Plaintiff,

v.                                                      Case No. 24-cv-713-pp

DR. SHIRLEY GODIWALLA, *et al.*,

                      Defendants.

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST TO APPOINT COUNSEL (DKT. NO. 28)

      Plaintiff Jammie Yerks, who is incarcerated at Jackson Correctional Institution and is representing himself, filed this case alleging violations of his constitutional rights. The court screened the complaint and allowed the plaintiff to proceed on Eighth Amendment medical care claims based on allegations that the defendants did not adequately treat his chronic pain conditions. Dkt. No. 5 at 12. The court has received from the plaintiff a letter asking the court to reconsider its decision not to recruit him a lawyer. Dkt. No. 28. This order addresses the plaintiff's letter.

      By way of background, on November 18, 2025, the court denied without prejudice the plaintiff's motion to appoint counsel, stating in part:

> The plaintiff has satisfied the first requirement for recruitment of counsel because he has demonstrated that he made a reasonable attempt to find a lawyer on his own. But he has not shown that he cannot litigate the case himself at this time. The court has not evaluated the plaintiff's ability to litigate because another incarcerated individual has helped him to this point. The plaintiff has not described why he cannot litigate on his own. He says in his motion that he can respond to a summary judgment motion, but

1

> this case is not yet at the summary judgment stage. Although the plaintiff's claims involve medical issues, he has alleged that he did not receive specialist-recommended treatment for chronic conditions; those claims are not medically complex. When the court issues the scheduling order, it will send the plaintiff information about conducting discovery and responding to a motion for summary judgment. If the plaintiff needs more time to complete discovery or to respond to a motion for summary judgment, he may file a motion for extension of time with the court before the deadline passes. Finally, in the screening order for the other case the plaintiff references, Judge Stadtmueller ordered that based on the nature of the plaintiff's claim the plaintiff should have a lawyer; the court did not say anything about the plaintiff's abilities to litigate generally. <u>Yerks v. Hoftiezer</u>, Case No. 17-cv-172-JPS, Dkt. No. 7 (E.D. Wis. March 15, 2017). For all these reasons, the court will deny without prejudice the plaintiff's motion to appoint counsel.

Dkt. No. 25 at 5. Also on November 18, 2025, the court issued a scheduling order setting deadlines for the parties to complete discovery and file motions for summary judgment. Dkt. No. 24.

On December 1, 2025, the court received from the plaintiff a motion for an extension of time to file a motion for reconsideration of the court's order denying his motion to appoint counsel, so that he could obtain records from his psychiatrist. Dkt. No. 26. The court granted the plaintiff's motion and stated that once he obtained those records, the plaintiff could file a motion for reconsideration or renew his request for counsel. Dkt. No. 27.

In the plaintiff's December 29, 2025 letter requesting reconsideration of the court's order denying his request for counsel, the plaintiff says that he does not understand what to do. Dkt. No. 28. The plaintiff includes a letter from his psychiatrist stating that he suffers from anxiety and depression, is compliant with the medications for these conditions and that "some of his medications can interfere with his capacity to effectively manage himself in a high stress

2

situation that requires intense cognitive acuity." Dkt. No. 28-1 at 1. The plaintiff also says that he is scheduled for hand/wrist surgery for carpal tunnel, and that his hands and wrists hurt when he uses them. Dkt. No. 28. He includes records showing that he receives treatment for carpal tunnel syndrome, including splinting/bracing and Gabapentin, and that he may undergo surgery for bilateral hand pain. Dkt. No. 28-1 at 2-3.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the

4

case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

As the court has held, the plaintiff has satisfied the first requirement for appointment of counsel. But the court does not believe that the plaintiff needs a lawyer at this time. The information the plaintiff provided from his psychiatrist indicates that he receives treatment for his anxiety and depression to manage his symptoms. It does not show that he is not mentally capable of proceeding on his own. Regarding the plaintiff's carpal tunnel, he does not say that this condition prevents him from litigating, and again, he is receiving medical care for that condition. If the plaintiff needs more time to conduct discovery and/or respond to a motion for summary judgment, he may file a motion for extension of time before the deadline passes. The filings that the plaintiff presumably now is preparing on his own, without the help of a jailhouse lawyer, show that he is articulate and can advocate for himself.

As described in the court's prior order denying his motion to appoint counsel, the plaintiff's claim that he did not receive specialist-recommended treatment for his chronic condition is not medically complex. The plaintiff states that he is confused. He should refer to the scheduling order for information on conducting discovery as well as deadlines for the completion of discovery and for filing motions for summary judgment. If the defendants file a motion for summary judgment on the merits, the court will give the plaintiff information about responding to the motion. If the case proceeds beyond the summary judgment stage, the court most likely will recruit a lawyer for the

plaintiff. But at this stage, he appears competent to proceed on his own. If the plaintiff believes that his medical conditions prevent him from litigating, he may renew his motion and must include specific information about how his conditions prevent him from representing himself.

The court will include with this order a guide prepared by court staff to address common questions that arise in cases filed by incarcerated persons. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's request for counsel. Dkt. No. 28.

Dated in Milwaukee, Wisconsin this 13th day of January, 2026.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**